## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | | |
|---|---|---|
| Jamie Paul Desper, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23cv1038 (RDA/LRV) |
| | ) | |
| S. Sanders, *et al.*, | ) | |
|     Defendants. | ) | |

### MEMORANDUM and ORDER

Jamie Paul Desper, a Virginia state prisoner, has filed a civil action pursuant to 42 U.S.C.

§ 1983 alleging defendants—C. Allen, RN; A. Godfrey, ADA Coordinator; and Dr. Campbell—

violated his rights the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), the

Equal Protection Clause; Eighth Amendment, and state negligence law of reasonable care. Dkt.

No. 1. The allegations concern his alleged denial of a "bottom bunk" assignment. On October 26,

2023, the Court screened the complaint, noted deficiencies, and granted Plaintiff leave to amend.

Dkt. No. 8. Plaintiff filed an amended complaint on November 27, 2023. Dkt. No. 9.[1] Because

Plaintiff is a prisoner, the Court must screen his complaint to determine whether it is frivolous,

malicious, or fails to state any claims upon which relief may be granted. *See* 28 U.S.C. § 1915A.[2]

---

[1] Four defendants listed in the original complaint—Sanders, Cosby, Eure, and Tran—are not listed in the amended complaint and will be dismissed.

[2] Section 1915A provides:

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

    (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or

    (2) seeks monetary relief from a defendant who is immune from such relief.

## I. Standard of Review

Pursuant to § 1915A, a court must dismiss claims based upon "'an indisputably meritless legal theory,'" or where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (citation omitted). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Sumner v. Tucker*, 9 F. Supp.2d 641, 642 (E.D. Va. 1998). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

In order to screen a complaint, it must present a coherent, comprehensible, and intelligible document. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (a pleading must be presented "with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of the pleader's claims "without untoward effort"). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

A § 1983 complaint must allege facts indicating that the plaintiff was deprived of rights guaranteed by the Constitution or laws of the United States and that the alleged deprivation resulted

from conduct committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Each named defendant in a § 1983 complaint must have had personal knowledge of and involvement in the alleged violations of plaintiff's constitutional rights for the action to proceed against that defendant. *De'Lonta v. Fulmore*, 745 F. Supp. 2d 687, 690-91 (E.D. Va. 2010); *see Barren v. Harrington*, 152 F.3d 1193, 1194-95 (9th Cir. 1998) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."); *see also Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978) (discussing "requisite causal connection" in § 1983 cases between named defendant and claimed injury).

A complaint must also comply with the requirements of Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and that each averment of a pleading be "simple, concise, and direct." Fed. R. Civ. P. Rule 8(a)(2) and Rule 8(e)(1). A court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

## II. Amended Complaint

The amended complaint includes four "short and plain" claims.

A. Defendants violated the ADA "by discriminating against plaintiff's disability [by] not reasonably accommodating him for a bottom bunk." Dkt. No. 9 at 4.

B. Defendants violated the Fourteenth Amendment's Equal Protection Clause "by allowing others who is similarly situated with similar disabilities or less severe a bottom bunk." *Id.*

C. Defendants violated the Eighth Amendment by being deliberately indifferent "even though they knew this risk to his safety due to his medical issues." *Id.*

D. "Defendants violated state law negligence in failing to exercise reasonable care to assure Plaintiff's health and safety." *Id.*

The amended complaint, however, is simply a narrative with occasional references to a defendant

by name.

The amended complaint alleges that Plaintiff was transferred to the St. Brides Correctional Center on November 8, 2022. He was assigned a top bunk and alleges he fell, and moved "himself . . . to an empty bottom bunk," which an unnamed Sergeant allegedly said was "okay." *Id.* at 5. Following a shakedown, Plaintiff was "forced to go back to the top bunk," and he submitted an emergency grievance that was neither logged nor responded to. *Id.* On November 12, 2022, Plaintiff "submitted a medical request for a bottom bunk pass," and an unnamed respondent told him he did not qualify "for a medical bottom bunk." *Id.* at 6. He then sent an ADA request to defendant Godfrey on December 5, 2022 for an ADA accommodation. Godfrey responded that she had not received any documentation from "medical" or "psychology" listing Plaintiff "as an ADA inmate." *Id.* She informed Plaintiff that he would have to start the process with those departments before he could be considered for an accommodation. *Id.* Plaintiff then alleges that it was Godfrey's "job . . . to find out why they failed or refused to list him as an ADA inmate." *Id.*

On December 10, 2022, Plaintiff filed a written complaint. Defendant Allen responded and informed Plaintiff that he did not qualify for a bottom bunk assignment and that he was not an ADA inmate. Plaintiff filed a regular grievance on December 20, 2022, which was denied at intake and he appealed to the Regional Ombudsman. The intake decision was upheld and Plaintiff was told to submit an ADA accommodation form for review. *Id.* at 7.

Plaintiff submitted a second medical request on December 27, 2022, because he was bruising his legs from getting up and down from the top bunk. Defendant Allen saw Plaintiff and told him there was nothing she could do for the bruises. *Id.* at 8. Plaintiff filed a written complaint indicating that defendant Allen had performed a bottom bunk assessment and spoke with Defendant Dr. Campbell. Dr. Campbell said that if Plaintiff was "not currently on medication for

it" he did "not qualify for a bottom bunk." *Id.* On some an undesignated date, defendant Allen told Plaintiff that she had reviewed his medical records and that he did "not have a documented seizure disorder," and did "not meet the criteria for a medical bottom bunk" under the Virginia Department of Corrections guidelines. *Id.* at 9. Plaintiff alleges that "they," without defining who "they" were would not schedule him to see a doctor. *Id.*

Plaintiff submitted a third medical request on January 3, 2023 indicating that he had slipped getting down from the top bunk and had "a big bruise" on his stomach. He was scheduled for sick call but nothing else was done.

On January 5, 2023, Plaintiff's counselor, Griswell, moved him to a bottom bunk. On March 1, 2023, however, he was returned to the top bunk. Plaintiff filed a written complaint on March 1, 2023, stating that he had been moved to the bottom bunk "because of his vertigo and neurological issues," but medical would not "give [him] a bottom bunk pass and administration won't keep [him] on the bottom bunk." *Id.* at 10. The response stated he had been evaluated on December 28, 2022 at the medical clinic for a bottom bunk assignment but that he did not meet the criteria for "medical assignment to a bottom bunk." *Id.* Plaintiff's March 16, 2023 regular grievance was denied at intake. *Id.*

### III. Discussion

The claims in the amended complaint are conclusory. Plaintiff has not stated a *prima facie* ADA claim; he does not identify any similarly situated person in his equal protection claim; he does not identify the "risk" or "medical issues" in his Eighth Amendment claim; and he does not identity who was negligent and how in his pendant state law claim. Importantly, as required *West*, 487 U.S. at 48, he does not link specific defendants to specific claims by the alleged acts or omissions on the part of specific defendants that he alleges violated the right set forth in each

claim. Use of the phrase "Defendants" or "administration" does not satisfy his burden. Further, the fact that he disagrees with a defendant's medical opinion or that an administrator requires a medical opinion that supports the action he wants taken, does not constitute deliberate indifference. Plaintiff also did not follow the process the ADA coordinator told him to follow, which was submitting a request for a reasonable accommodation to the medical or mental health departments. Dkt. No. 9 at 6.

### A. ADA

"[T]o establish a violation of the ADA, a plaintiff must show (1) that he has a disability; (2) that he is otherwise qualified for the benefit in question; and (3) that he was excluded from the benefit due to discrimination solely on the basis of the disability." *Baird v. Rose*, 192 F.3d 462, 467 (4th Cir. 1999) (citing *Doe v. University of Md. Med. Sys. Corp.*, 50 F.3d 1261, 1265 (4th Cir. 1995)); *see, e.g., Fauconier v. Clarke*, 966 F.3d 265, 276 (4th Cir. 2020). [T]he ADA, which defines disability as "a physical or mental impairment that substantially limits one or more major life activities," "a record of such an impairment," or "being regarded as having such an impairment." 42 U.S.C. § 12102(1) (defining "disability")." *Wicomico Nursing Home v. Padilla*, 910 F.3d 739, 751 (4th Cir. 2018) (citing *Heiko v. Colombo Sav. Bank, F.S.B.*, 434 F.3d 249, 254 (4th Cir. 2006)).

Here, plaintiff alleges that he has "vertigo," alleges he has suffered from vertigo/seizures since "the age of 5," and that it is "well documented." Dkt. No. 9 at 5. He did not submit any documentation and when defendant Allen reviewed his "medical records [Plaintiff did] not have a documented seizure disorder." *Id.* at 9.[3] Defendant Allen asked Defendant Dr. Campbell about a

---

[3] It is not clear if Plaintiff was ever formally evaluated for an accommodation by the medical department personnel. If he was, he should state so explicitly in his amended complaint. Although he is not required to submit documents and medical records, such documents would facilitate a review of his various claims.

bottom bunk assessment for Plaintiff and Dr. Campbell told her that if Plaintiff was "not currently on medication for" vertigo and seizures he did not qualify for a bottom bunk." *Id.* at 8. Plaintiff has not established he has a record of his alleged impairment/disability because the VDOC has no record of him having vertigo or seizures.

The VDOC reviews an inmate's medical history with the inmate when they are first committed to the custody of the VDOC. *See* Operating Procedure 720.2, Medical Screening, Classification, and Levels of Care (https://vadoc.virginia.gov/general-public/operating-procedures/) (last viewed Feb. 20, 2024) ("OP 720.2"). The screening includes any "[c]urrent illness and health problems." A "health appraisal" is also completed within fourteen days. OP 720.2, II(B)(1)(b) and V(B). The health appraisal includes a "health history," which includes jail records if available, and a medical examination. *Id.*, V(B). The information obtained is used in developing a "recommendation concerning housing, job assignment, and program participation." *Id.*, V(B)(4)(k). In addition, a counselor reviews a bed assignment with the inmate "to ensure that the inmate's housing and bed assignment . . . is appropriate," and if "the inmate's responses indicate these assignments may not be appropriate, staff must consult with the staff member responsible for inmate housing and bed assignments to determine if a new assignment is warranted." Operating Procedure 810.1, Inmate Reception and Classification, II(B)(1). One of the factors reviewed is the inmate's medical history. *Id.*, II(B)(2). A similar procedure occurs when an inmate is transferred to a different facility with the VDOC. Operating Procedure 810.2, Transferred Inmate Receiving and Orientation, II(A).

Moreover, VDOC regulations also specifically address accommodations for disabilities. *See* Operating Procedure 801.3, Managing Inmates and Probationers/Parolees with Disabilities (https://vadoc.virginia.gov/general-public/operating-procedures/) (last viewed Feb. 20, 2024)

("OP 801.3"). If there is no diagnosis. the determination of the need for an accommodation is made by "the facility Medical Practitioner, in consultation with qualified health care practitioners or specialists, and in conjunction with the affected inmate, will diagnose any disability, not previously diagnosed." OP 801.3 IV(C).[4]

Plaintiff has been confined within the VDOC for a significant period of time. *See Desper v. Clarke*, 2019 WL 4306975, *1 (W.D. Va. Jan. 29, 2019) (noting that "Desper has been in prison since September 2009 and is currently confined at Augusta Correctional Center"), *aff'd, Desper v. Clarke*, 1 F.4th 236, 239 (4th Cir. 2021).[5] Based on the allegations in his complaint, the VDOC does not have any record of his alleged history of vertigo and seizures.[6] Further, the VDOC does not regard him as having such an impairment, and he is not on medication for the alleged impairment. In addition, while Plaintiff alleges that he has been injured climbing in and out of his top bunk, he does not allege that he had a vertigo attack and that the attack caused him to injure himself. *See Nelson v. N. Broward Med. Ctr.*, No. 12-61867-CIV, 2013 WL 6842034, at *9 (S.D. Fla. Dec. 27, 2013) (finding plaintiff had not establish he had a "disability" because he "had not been prescribed medication for his vertigo, nor does he take medication when he experiences vertigo" and he has "not suffered any vertigo attacks"). Plaintiff has failed to establish that he has a disability and he has not been discriminated against because he has failed to follow the

---

[4] The regulations also allow an inmate, family members, or any previous health care provider to "submit documentation of a prior diagnosis in support of or on behalf of an inmate's" request for an accommodation and it will be considered as "part of the disability accommodation process." OP 801.3 IV B. As noted the Plaintiff's medical file did not include any such information and Plaintiff has not claimed that he ever submitted any such information.

[5] Plaintiff was committed to the custody of the VDOC with respect to a conviction in Augusta County, Virginia with an active sentence of eighteen years in November 2012. *Desper v. Commonwealth*, 2023 WL 5020907, *1 (Va. Ct. App. Aug. 8, 2023) (citing *Desper v. Commonwealth*, 2011 WL 5346030 (Va. Ct. App., Nov. 8, 2011) (affirming three 2010 convictions three for rape based on the victim's mental incapacity)).

[6] A disability determination under the ADA "is an individualized inquiry" that does not rest on the mere diagnosis of an impairment. *Sutton v. United Airlines*, 527 U.S. 471, 483 (1999); *see Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 198 (2002) ("It is insufficient for individuals attempting to prove disability status . . . to merely submit evidence of a medical diagnosis of impairment.").

established process to obtain the individualized assessment to determine if he is eligible for the alleged benefit, a bottom bunk assignment.[7] *Cf. Gipson v. Tawas Police Auth.*, 794 F. App'x 503, 508 n.6 (6th Cir. 2019) (phrase "adverse employment action" does not include requirement for a medical examination in response to a request for accommodation where there is a legitimate business reason). Plaintiff will be allowed leave to amend his Claim A because it is not clear that amendment would be futile.

   *B. Equal Protection*

   In order to state an equal protection claim, a plaintiff "'must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination.'" *English v. Clarke*, 90 F4th 636, 2024 U.S. App. LEXIS 312, * (4th Cir. Jan. 5, 2024) (quoting *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001)). Here, as in *English*, Plaintiff "has shown neither. He has not attempted to identify any better-treated individuals similarly situated to him, nor has he brought to the court any evidence suggesting such individuals might exist." *Id.* Plaintiff will be allowed leave to amend his Claim B because it is not clear that amendment would be futile.

   *C. Deliberate Indifference*

   An Eighth Amendment claim for denial of medical care must allege facts sufficient to show that jail officials were deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Staples v. Va. Dep't of Corr.*, 904 F. Supp. 487, 492 (E.D. Va. 1995). Thus,

---

[7] The Fifth Circuit observed that the district court had correctly determined that "'the fact that the plaintiff suffers from vertigo does not mean that he is disabled *per se* under the ADA" because although "the Appendix to the [ADA] regulation identifies a few diseases that constitute disabilities *per se* (vertigo is not among them), [and] ADA regulations generally require an individualized determination of disability based on whether the condition 'substantially limits an individual in a major life activity.'" *Garrett v. Thaler*, 560 F. App'x 375, 382-383 (5th Cir. 2014) (citing 29 C.F.R. Pt. 1630.2(j)). *See also Hamilton v. Westchester Cty.*, 3 F.4th 86, 94 (2d Cir. 2021) (observing that under the ADA regulations "[a]n individual is not 'regarded as having [a disability]' if the public entity demonstrates that the impairment is, objectively, both 'transitory' and 'minor,'") (citing 28 C.F.R. § 35.108(f)(2)).

9

plaintiff must allege two distinct elements to state a claim upon which relief can be granted. First, he must allege a sufficiently serious medical need. A serious medical need is one that poses a substantial risk of serious injury to an inmate's health and safety. *Young v. City of Mt. Ranier*, 238 F.3d 567, 576 (4th Cir. 2001). Second, he must allege deliberate indifference to that serious medical need.

Under this second prong, an assertion of mere negligence or even malpractice is not enough to state an Eighth Amendment violation; instead, plaintiff must allege deliberate indifference "by either actual intent or reckless disregard." *Estelle*, 429 U.S. at 106; *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990). A prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985). The treatment an inmate receives from a health care provider constitutes deliberate indifference only where it is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier*, 896 F.2d at 851. A defendant must act with either actual intent or reckless disregard, meaning that the defendant disregarded "a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position." *Id.* at 851-52.

Here, the allegations in the amended complaint do not indicate that Plaintiff sought and was denied treatment for any serious medical need. The allegations indicate that Plaintiff sought a bottom bunk pass based upon his assertions that he had vertigo and a seizure disorder. Indeed, the allegations indicate that Plaintiff was seen by medical personnel several times in a short period of time and that he was not prescribed or seeking medication for any medication. Plaintiff argues he could still have a disability even though he was "not being treated for or on medication for a disability." Dkt. No. 9 at 8. On this record, this is simply disagreement with the medical personnel

10

about their diagnosis. *Strain v. Regalado*, 977 F.3d 984, 994 (10th Cir. 2020) ("an individual who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation").

To assist Plaintiff he should keep in mind that to establish a claim for denial of medical care against non-medical personnel, an inmate must show that the non-medical personnel failed promptly to provide needed medical treatment, deliberately interfered with a jail's medical personnel's treatment, or tacitly authorized or were indifferent to the jail personnel's misconduct. *Miltier*, 896 F.2d at 854; *see Robbins v. Black*, 351 F. App'x 58, 63 (6th Cir. 2009) (holding that actions of non-medical staff who, following a doctor's instruction, failed to assign inmate to a bottom bunk did not constitute deliberate indifference).

Plaintiff will be allowed leave to amend his Claim C because it is not clear that amendment would be futile.

*D. Pendant State Tort Claim*

It is unclear what specific Virginia state tort claim Plaintiff is attempting to allege, which defendant or defendants are alleged to have violated his state law unnamed right, and on what acts or omissions he seeks to hold each defendant liable. What is clear is that this claim in its present from is wholly deficient. Plaintiff will be allowed leave to amend his Claim D because it is not clear that amendment would be futile.

****

The amended complaint shall separately number each claim that plaintiff seeks to raise by letter or number, as he has in his first amended complaint. Each subsequent claim shall be designated by the appropriate letter or number and each designated claim shall provide a statement of the claim and included in that statement the plaintiff shall identify the federal right he alleges

11

has been violated. Thereafter, Plaintiff will name the defendants associated with each claim, and provide the facts associated with the claim. In setting forth the specifics and facts of his claim, Plaintiff should use defendants' names rather than a generic designation of defendants, staff, or administration, which would assist in clarifying the matter and allow a defendant to respond. The facts must include dates as to when matters occurred, as well as where they occurred. The factual allegations should be set forth in numbered paragraphs for ease of reference.

Accordingly, it is hereby

**ORDERED** that Plaintiff particularize and amend his complaint within thirty (30) days of the date of this Order using the enclosed standardized §1983 complaint form by (i) naming every person he wishes to include as a defendant, (ii) identify each claim he seeks to raise, (iii) cure each and every deficiency noted herein, and (iv) submitting a short, detailed statement of background facts which describes the specific conduct of each defendant whom he alleges violated his constitutional rights, including the facts giving rise to his complaint, the dates of each incident, the persons involved, the reasons why he believes each defendant is liable to him, where the alleged conduct took place, and the remedies sought. Plaintiff must include his civil action number, **1:23cv1038 (RDA/LRV)**, on the first page of this second amended complaint. Plaintiff is advised that **this amended complaint will serve as the sole complaint in this civil action**; and it is

**FURTHER ORDERED** that defendants Sanders, Cosby, Eure, and Tran are DISMISSED WITHOUT PREJUDICE; and it is

**FURTHER ORDERED** that plaintiff's failure to comply with any part of this Order within thirty (30) days from the entry of this Order, or failure to notify the Court immediately upon being transferred, released, or otherwise relocated, may result in the dismissal of this complaint pursuant to Federal Rule of Civil Procedure 41(b).

12

The Clerk is directed to send Plaintiff a copy of this Order directing he file an amended complaint, as well as a § 1983 form.

Entered this ___21___ day of _____ 2024.

Alexandria, Virginia

_____ /s/
Rossie D. Alston, Jr.
United States District Judge

13